# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT LEXINGTON

**CRIMINAL NO. 09-49-KKC-CJS**
**CIVIL CASE NO. 09-7106-KKC-CJS**

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | **REPORT AND RECOMMENDATION** |
| LISA ANN SALYERS, aka LISA ANN COLLINS | DEFENDANT |

\* \* \* \* \* \* \* \* \* \* \*

On December 28, 2009, Defendant Lisa Ann Salyers filed a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. (R. 20). In response, the United States filed a Motion to Dismiss. (R. 24). Having all relevant documents before the Court, the matter is now ripe for consideration and preparation of a Report and Recommendation. 28 U.S.C. § 636(b). For the reasons set forth below, it is recommended that Plaintiff's Motion to Dismiss be **GRANTED** and Defendant's Motion to Vacate be **DENIED**.

## I.  BACKGROUND

On March 11, 2008, Defendant entered a plea of guilty to an Information charging forgery of a judge's signature in violation of 18 U.S.C. § 505. (R. 9). During the arraignment proceeding, the Court evaluated Defendant's ability to knowingly and competently enter into the Plea Agreement. First, the Court asked Defendant about any health, emotional, or mental problems, and Defendant named conditions for which she was receiving treatment. Defendant further stated that the conditions and medication did not impair her ability to understand the proceedings or the

consequences of the Plea Agreement. (R. 23, at 5-7). Next, the Court asked whether Defendant was satisfied with counsel, to which she replied in the affirmative. (*Id.* at 7). The Court then explained to Defendant that waiving indictment and entering a guilty plea to the felony charge could result in a sentence of up to five years, a $250,000 fine, up to three years of supervised release, and a mandatory special assessment of $100. (*Id.* at 8). Defendant replied that she understood the consequences and trusted her lawyer. (*Id.* at 8-9). The Court next questioned Defendant on whether anyone had threatened her or tried to force her into entering the plea, and Defendant responded that the plea was voluntary. (*Id.* at 9-10).

At the Court's request, the Assistant United States Attorney summarized the key provisions of the Plea Agreement. (*Id.* at 13). The Agreement allowed for a two-level decrease for acceptance of responsibility, and it prohibited Defendant from filing a motion for a decrease based on mitigating role or to seek a departure. The Plea Agreement further provided that Defendant would not seek a sentence below the applicable advisory guideline range. (*Id.*). It also explicitly stated that Defendant waived the right to collaterally attack the guilty plea, conviction, and sentence. (*Id.* at 14).

The Court then proceeded to confirm that Defendant understood and agreed to the critical terms of the Plea Agreement. First, Defendant acknowledged the facts that she was admitting as true. (*Id.*). Next, the Court explained the sentencing guidelines to Defendant, and she stated that she understood the potential sentence, that recommendations were not binding, and that she could not withdraw her plea if her sentence was more than expected. (*Id.* at 16). In addition, Defendant expressly acknowledged that she understood that she was giving up her right to file a separate lawsuit or a direct appeal challenging the conviction, sentencing, or order of restitution. (*Id.*). Finally, the Defendant acknowledged that she understood the consequences of her plea, and that she

was forfeiting the right to a trial by jury during which the United States would have to prove her guilt beyond a reasonable doubt. (*Id.* at 16-17). Based on these facts, the Court determined that Defendant was competent to make an informed plea and adjudged her guilty of the charged offense. (*Id.* at 18). On November 2, 2009, Defendant was sentenced to a six-month term of imprisonment, with three years of supervised release to follow.[1] (R. 22, at 8).

On December 28, 2009, Defendant filed this § 2255 Motion to Vacate, Set Aside, or Correct a Sentence. (R. 20, at 1). Defendant raises five separate grounds in support of her motion. First, Defendant argues ineffective assistance of counsel, stating that she saw her lawyer only twice, and that she believed that she would receive probation rather than prison time. (*Id.* at 4). Second, Defendant claims she cooperated with the Government by accepting responsibility, waiving formal indictment and pleading to an information, even though she acted under duress from a violent relationship.[2] (*Id.*). Third, Defendant claims that relief was appropriate because she had health problems requiring treatment. (*Id.* at 4-5). Fourth, Defendant argues that her son was in counseling because of a flood that destroyed her home and almost claimed her son's life, and her absence was causing undue stress. (*Id.* at 5). Finally, Defendant claims that the sentencing court failed to follow proper procedures by not crediting her for time served on a separate sentence. (*Id.*).

---

[1]Although Defendant is no longer incarcerated, she satisfied the "in custody" requirement of 28 U.S.C. § 2255 at the time she filed the motion because she was then incarcerated. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Furthermore, her motion is still relevant and the "in custody" requirement is satisfied because her sentence included a term of three years of supervised release. *See id.*; *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (noting that a petitioner is "in custody" if he is on parole because his release is dependent upon his compliance with the reporting requirements).

[2]In raising this point, it is unclear whether Defendant argues she was under duress during the commission of the underlying criminal actions or during entry of the Plea Agreement. Both interpretations are addressed, and neither supports Defendant's motion.

The United States responds that Defendant knowingly and voluntarily waived the right to collaterally attack her guilty plea, conviction, and sentence. (R. 24, at 1). The Government points out that during the plea proceedings, Defendant admitted to the facts and acknowledged that she understood the terms of the Plea Agreement, the charge, and the consequences of the plea. (*Id.* at 2). The United States argues that these actions constituted a knowing and voluntary waiver of the right to collaterally attack the guilty plea. (*Id.* at 3). The Government further argues that Defendant knew that she could face a period of incarceration, understood that the length of the sentence was yet to be determined, and acknowledged that if her sentence was greater than expected, she could not withdraw her guilty plea. (*Id.* at 3-4). Additionally, the United States emphasizes that Plaintiff's claim of dissatisfaction with her counsel was invalidated by statements made during the plea process, and that the record did not support that Defendant was under duress. Finally, the United States argues that claims of health or family struggles do not affect the validity of her guilty plea. (*Id.* at 4). Therefore, by way of separate motion, the United States requests dismissal of Defendant's § 2255 motion as violative of the Plea Agreement.

**II.    ANALYSIS**

**A.    Defendant's Knowing and Voluntary Waiver Bars Relief**

A defendant's filing of a § 2255 motion constitutes a collateral attack on a conviction. In this case, Defendant waived the right of collateral attack as a term of her Plea Agreement. The express terms of the Plea Agreement bar Defendant's § 2255 motion.

It is well-settled that a defendant may waive any right in a plea agreement, including a constitutional right, so long as the waiver is knowing and voluntary. *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001). As relevant here, a defendant's knowing and voluntary waiver of her

right to pursue collateral relief will preclude her ability to file a subsequent § 2255 motion, including an ineffective assistance of counsel claim. *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001). An additional right that may be waived is a defendant's right to appeal sentencing guideline issues specifically covered by a plea agreement. *United States v. Mader*, 251 F.3d 1099, 1103 (6th Cir. 2001).

Although the general rule is that the waiver bars a § 2255 motion, a motion is permitted if the claims attack the validity of the waiver itself. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (citing Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999)). However, if the motion does not articulate a basis for attacking the validity of a plea, the Sixth Circuit has upheld collateral-attack waivers provided that they were knowing and voluntary. *United States v. Eversole*, No. 6:05-cr-34, 2010 WL 420067, at *8 (E.D. Ky. Feb. 1, 2010) (citing *Watson*, 165 F.3d at 488).

In this case, Defendant waived the right to collaterally attack her conviction. Defendant signed the Plea Agreement, which Agreement expressly includes that

> Saylers waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution.

(R. 9, at 3, ¶ 8).

Furthermore, the record reflects that Defendant's waiver was knowing and voluntary. (*See* R. 23, at 5-10). In questioning Defendant, the Court established that she was capable of entering into the Plea Agreement. The Court confirmed that her health concerns did not hinder her ability to comprehend the terms of the plea and that she understood the charges, the possible sentence, and the potential consequences of her waiver. In addition, Defendant stated that she willingly entered into the Agreement, knew that her sentence was yet to be determined, and understood that she could not

withdraw her plea if her sentence was more than she expected. (R. 23, at 15-16). Finally, Defendant admitted that she understood that she was waiving her right to challenge her conviction or sentence. (*Id.* at 16). Therefore, the waiver is knowing and voluntary, and only arguments attacking the validity of the waiver itself may be considered. *See In re Acosta*, 480 F.3d at 422.

### B. Defendant's Claims Do Not Attack the Validity of the Waiver

Defendant's claims attack her sentence, rather than the validity of the waiver, as shown by Defendant's arguments concerning her belief that she would be placed on probation and given credit for time served. All of Defendant's arguments focus on the reasons she should not have been incarcerated; they do not challenge the validity of the waiver itself.

Although Defendant argues ineffective assistance of counsel, her argument is that she saw counsel only twice before pleading guilty and being sentenced, not that counsel's performance or advice was ineffective. This argument does not attack the validity of the waiver because Defendant does not argue that she would not have pled guilty but for counsel's advice or performance. Instead, her argument focuses on the length of the sentence imposed. *See Ingram v. United States*, No. 5:05-cr-66, 2010 WL 147213, at *3 (E.D. Ky. Jan. 8, 2010) (noting that a defendant's attempt to object to the sentence through an ineffective assistance of counsel claim was untenable).

Next, Defendant argues that she cooperated with the Government by accepting responsibility for her actions although her "actions were caused under duress." (R. 20, at 4). This statement suggests that Defendant's underlying actions occurred while she was under duress, a defense that she could have asserted at trial. This claim does not affect the validity of the plea, and Defendant clearly waived this alleged defense by pleading guilty. Because the plea and waiver were knowing and voluntary, this claim is barred.

Defendant also makes two arguments regarding health problems and family issues. Neither of these claims can be interpreted as attacking the validity of the plea, because both are clearly reasons why Defendant did not want to be sentenced to a term of imprisonment. Because these claims do not attack the validity of the waiver, they too are barred.

Finally, Defendant argues that the sentencing court failed to consider time served when imposing her sentence. During sentencing, counsel discussed with the Court the previous time served. The Court determined that the time was for another state offense and did not impact the sentence for this offense. (R. 22, at 7). Thus, the Court did, in fact, consider the matter of time served and determined that this time did not apply towards the federal sentence at issue.

In summary, Defendant is precluded from collaterally attacking her plea or sentence unless the attack goes to the validity of the waiver itself. Because Defendant's claims do not attack the validity of the waiver, her claims are barred. Accordingly, Defendant's § 2255 motion should be dismissed.

### C. Alternatively, Defendant's Claims Lack Merit

While the Court concludes that the merits of Defendant's motion need not be addressed because they are foreclosed by Defendant's valid waiver, Defendant's ineffective assistance of counsel claim and her duress claim arguably could be construed as attacking the validity of the plea. To the extent these arguments are construed as an attack on the validity of the plea, the Court alternatively concludes that these arguments, and thus the motion, must also be dismissed on the merits.

First, Defendant's ineffective assistance of counsel claim does not satisfy the necessary elements of a successful claim. The two-part test for ineffective assistance of counsel in

circumstances involving plea agreements requires a defendant establish that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) he was prejudiced by the attorney's error. *Hill v. Lockhart,* 474 U.S. 52, 57-59 (1985) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Accordingly, a defendant must show that but for counsel's errors, he would not have pled guilty and would have insisted on proceeding to trial. *Id*. at 59. A court's review of counsel's performance is "highly deferential," and starts with a "strong presumption" that counsel acted within the "wide range of professional assistance." *See United States v. Cabrales-Peralta*, No. 6:03-cr-65, 2009 WL 1116330, at *7 (E.D. Ky. April 24, 2009) (citing *Strickland*, 466 U.S. at 690).

In this case, Defendant fails to satisfy the *Strickland* standard because she does not demonstrate that counsel's conduct fell below an objective standard of reasonableness. In fact, Defendant's only argument is that she saw counsel only twice before pleading guilty and being sentenced. However, this objection does not demonstrate that counsel's performance was deficient, nor does it establish prejudice. Additionally, this argument is directly rebutted by the fact that twice during the plea colloquy, Defendant stated that she was satisfied with counsel's performance. (*See* R. 23, at 7-9). In fact, at no point in the record does the Defendant express dissatisfaction with her counsel. Furthermore, in her § 2255 motion, Defendant does not contend that she would not have plead guilty but for counsel's conduct. Therefore, it should be presumed that, in reaching the Plea Agreement, counsel acted in a satisfactory manner. Defendant's ineffective assistance claim does not invalidate the Plea Agreement.

Second, interpreting Defendant's claim of duress as relating to the acceptance of the plea, this claim is also not substantiated by the record. Defendant, openly and under oath, stated that her decision to enter into the plea was voluntary. (*See* R. 23, at 10). It has been recognized that an

appropriately conducted Rule 11 colloquy can only be meaningful if a court is entitled to rely upon a defendant's statements made under oath while accepting a guilty plea. *Eversole*, 2010 WL 420067, at *10 (citing *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003)). As such, this Court should be able to rely upon Defendant's previous statements and accept that she entered into the Plea Agreement voluntarily, as reflected in the record. Furthermore, to the extent that Defendant's argument is that she entered into the plea even though her underlying actions were committed under duress, she waived the right to this argument when she waived the right to proceed to trial. As discussed above, this waiver was knowing and voluntary, and thus bars this argument. Therefore, Defendant's claim of duress does not invalidate the Plea Agreement.

Defendant's additional arguments regarding health problems and family issues cannot be construed as attacking the validity of the plea. Accordingly, Defendant is precluded from raising them now because she knowingly and voluntarily waived the right to collaterally attack her plea. *See Davila*, 258 F.3d at 451.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255).

In cases where a district court has rejected a defendant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of the Defendant's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability be **DENIED** upon the District Court's entry of its final order in this matter.

## IV. CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1) The United States' Motion to Dismiss (R. 24) be **granted;**

(2) Defendant Salyers's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 (R. 20) be **denied;**

(3) A Certificate of Appealability be **denied** by the District Court in conjunction with the Court's entry of its final order in this matter; and,

(4) This action be **stricken** from the active docket of the Court.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of the same or further appeal is waived. *See Thomas*

*v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

Dated this 23rd day of June, 2010.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

G:\DATA\habeas petitions\waiverinPleaAgreementR&Rs\09-49-SalyersR&R.wpd