UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Eastern District of Kentucky
FILED
JUL 14 2010
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CRIMINAL ACTION NO. 09-cr-49-KKC
CIVIL ACTION No. 09-cv-7106-KKC

UNITED STATES OF AMERICA            PLAINTIFF

v.         **MEMORANDUM OPINION AND ORDER**

LISA ANN SALYERS,
aka LISA ANN COLLINS            DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court for consideration of Petitioner/Defendant Lisa Ann Salyers' ("Salyers") Petition to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. (Rec. No. 20). Salyers pleaded guilty on March 11, 2009 to violating 18 U.S.C. § 505 by forging a judge's signature. (Rec. No. 19, Judgment, p.1). Salyers waived her right to a formal indictment or to appeal the conviction or sentence. (Rec. No. 23, Transcript of the Proceedings, pp. 7-11, 13-14, 16, 17-18).

On December 28, 2009, Salyers filed the pending motion to vacate her sentence under 28 U.S.C. § 2255. Her grounds for filing the petition were: (1) ineffective assistance of counsel; (2) duress; (3) health concerns; (4) her son's mental health issues; and, (5) not being given credit for time served on a previous sentence. (Rec. No. 20, Petition Under § 2255, pp. 4-5). In response, the United States filed a Motion to Dismiss Ms. Salyers' § 2255 action, arguing that as a condition of her guilty plea and in return for the government's recommendation of lower sentencing guideline level, she waived any right to collaterally attack her plea, conviction, or

sentence. (Rec. No. 24, Motion to Dismiss, p. 1, 3). The United States further asserted that because Salyers was competent to enter a plea, understood the consequences of the agreement, and entered into it voluntarily, the filing of the § 2255 petition violated her plea agreement because her claims do not attack the validity of the waiver itself and should therefore be dismissed. (Rec. No. 24, Motion to Dismiss, pp. 1-2).

Following standard local procedure, the matter was referred to Magistrate Judge Candace J. Smith for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). On June 23, 2010, after reviewing the record and relevant case law, Magistrate Judge Smith issued a Report and Recommendation recommending that Salyers' petition be denied. (Rec. No. 26, Report and Recommendation). The Report and Recommendation advised the parties that any objections were to be filed within fourteen days of the date of service of the Report and Recommendation, or the right to further appeal would be waived. Salyers has filed to file objections to the Magistrate Judge's Report and Recommendation in a timely manner.

Where timely objections are filed to a Magistrate's Report and Recommendation, this Court is required to conduct a *de novo* review of those portions of the Report and Recommendation that have been objected to. *See* 28 U.S.C. § 636(b)(1)(C). However, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (footnote and citation omitted). In addition, where no objections to the Magistrate's recommendation are filed, there is no further right of review or appeal of this decision available. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986).

Nevertheless, this Court has reviewed the recommendation of the Magistrate Judge to ensure that the characterization and application of the law to the facts of this case appears correct. Having done so, and being otherwise sufficiently advised, the undersigned agrees that Salyers' petition under 28 U.S.C. § 2255 should be denied.

Accordingly, the Court hereby **ORDERS** as follows:

(1) The statement of facts and legal conclusions contained in the United States Magistrate Judge's Report and Recommendation (Rec. No. 26) are **ADOPTED** and **INCORPORATED** herein by reference.

(2) The United States' Motion to Dismiss (Rec. No. 24) is **GRANTED.**

(3) Defendant/Petitioner Salyers' Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Rec. No. 20) is **DENIED.**

(4) A Certificate of Appealability shall not issue because Salyers has not made a substantial showing of the denial of any substantive constitutional right.

(5) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the United States.

This 12th day of July, 2010.

*Karen Caldwell*